THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDITH M. BLIZMAN, as Executrix of
the Estate of Joseph Blizman,

        Plaintiff,

v.

TRAVELERS HOME AND MARINE,
INSURANCE COMPANY,

        Defendant.

3:21-CV-1546
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion for Remand (Doc. 5), requesting that the Court remand the above-captioned action which Defendant removed from the Court of Common Pleas of Luzerne County on September 9, 2021 (Doc. 1). For the reasons that follow, the Court will grant Plaintiff's Motion.

### II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On June 23, 2021, Plaintiff Edith Blizman, as executrix of the Estate of Joseph Blizman, commenced this action against Defendant Travelers Home and Marine Insurance Company ("Travelers"), through a Writ of Summons in the Court of Common Pleas of Luzerne County. (Doc. 1-2, Ex. A). Service of the Writ of Summons was perfected on June 28, 2021. (Doc. 1-2, Ex. B). Attorneys Brooks R. Foland, Allison Krupp, and Christopher Woodward, and the law firm of Marshall Dennehey Warner Coleman & Goggin entered their

appearance as counsel for Defendant Travelers on July 20, 2021. (See Doc. 5-4; Doc. 5, ¶ 3; Doc. 13, ¶ 3). On August 5, 2021, Plaintiff filed a two-count Complaint in the state court against Defendant, alleging statutory bad faith under 42 Pa. C.S. § 8371 (Count I) and breach of contract, duty of good faith and fair dealing (Count II). (Doc. 1, ¶ 3; Doc. 1-2, Ex. D). Plaintiff's counsel thereafter, on August 6, 2021, emailed Attorney Foland stating:

> We filed the bad faith complaint yesterday and it is being served on Travelers by mail. I know you are not counsel of record at this point, and I am not sure if you eventually will be, but I wanted to get a courtesy copy of the complaint to you. It is attached.

(Doc. 5-6).[1] Attorney Foland responded "Thank you" by email that same day. (Id.). The Complaint was mailed by U.S. Mail, First Class, Postage Prepaid, to Travelers' corporate office on August 6, 2021. (See Doc. 5-5). Travelers asserts that it received, and therefore was served with, a copy of the Complaint by mail on August 11, 2021. (Doc. 12, at 2).

On September 9, 2021, Defendant Travelers removed the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction. (Doc. 1). Plaintiff thereafter timely filed a Motion for Remand (Doc. 5) and supporting brief (Doc. 8) to which Defendant filed a brief in opposition (Doc. 12) and Plaintiff filed a Reply (Doc. 14).

---

[1] Counsel for Plaintiff admits that he was incorrect in his belief that Attorney Brooks Foland had not yet entered his appearance on behalf of Travelers at this time, a fact he attributes to Defendant's counsel improper service of their Entry of Appearance on Plaintiff's counsel. (Doc. 14, at 4-7).

## III. ANALYSIS

Section 1441 permits the removal of certain civil actions originally filed in state court from the state to federal court. The removal procedure, forth in 28 U.S.C. § 1446, provides in relevant part as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

Here, Travelers removed this action on the basis of diversity of jurisdiction in accordance with 28 U.S.C. § 1332, which Plaintiff does not dispute constitutes a proper basis for removal in this case. Rather, Plaintiff argues that Defendant's removal of the case was untimely under §1446 and therefore this Court lacks jurisdiction over the action and must remand the action to the Court of Common Pleas. (Doc. 5, ¶¶ 11, 12).

"Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)). *See also, Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005) ("The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."). "It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507

3

F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)). *See also, Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013) (defendant removing the case "bears the burden of establishing jurisdiction and compliance with all pertinent procedural requirements."); *Groh v. Groh*, 889 F.Supp. 166, 169-170 (D.N.J. 1995) ("The burden of proof is on the removing party to show removal was timely.")(citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Steel Valley Auth. v. Union Switch and Signal, Div. Am. Standard, Inc.*, 809 F.2d 1006, 1011 (3d Cir.1987)).

Here, Defendant Travelers filed its notice of removal on September 9, 2021. (Doc. 1). At issue is whether Plaintiff's August 6, 2021 email to Defendant's counsel constituted proper service, such that Defendant must have filed its notice of removal on or before September 7, 2021, or whether service was not effectuated until August 11, 2021, when Travelers first received the Complaint by mail, such that the September 9, 2021 notice of removal was timely.

The Court begins its analysis by noting Plaintiff's counsel's email stating that he was sending a "courtesy copy" of the Complaint and would serve the Complaint on Travelers by mail (Doc. 5-6), language upon which Defendant heavily relies upon in arguing that the email did not constitute proper service. In *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through

4

service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. 344, 347-348 (1999) ("courtesy copy" of a file-stamped copy of the complaint, faxed to the defendant two weeks prior to plaintiff's service of the complaint by mail, was insufficient to trigger the Defendant's 30-day time limit to remove the case to federal court.). Nonetheless, Plaintiff's counsel argues that, despite his use of the words "courtesy copy", the email was not a courtesy copy where Defendant's counsel had already entered his appearance (although unbeknownst to Plaintiff's counsel), and therefore "certain mechanisms relevant to Pennsylvania's rules governing proper service" were triggered. (Doc. 8, at 7).

Rule 440 of the Pennsylvania Rules of Civil Procedure states that with respect to service of legal papers other than original process:[2]

> (1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made
> (i) by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree, or . . .

---

[2] Pennsylvania Rules of Civil Procedure provide that "[a]n action may be commenced by filing with the prothonotary: (1) a *praecipe* for a writ of summons, or (2) a complaint", Pa. R. Civ. P. 1007, and that "[o]riginal process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint", Pa. R. Civ. P. 401, or "shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint. . .", Pa. R. Civ. P. 404. Pennsylvania courts have therefore explained that the service of a writ of summons constitutes original process. *See e.g., Am. Interior Constr. & Blinds Inc. v. Benjamin's Desk, LLC*, 206 A.3d 509, 513 (Pa. Super. Ct., 2019).

Here, in June of 2021, Plaintiff commenced this action against Travelers through a Writ of Summons in the Court of Common Pleas of Luzerne County, and served the Writ of Summons on Defendant. (Doc. 1-2, Ex. A, B). Therefore, because original process had been completed at this time, the Court looks to Rule 440, addressing service of legal papers other than original process, in determining the point at which Defendant was properly served with the Complaint.

5

> (ii) by transmitting a copy by facsimile to the party's attorney of record as provided by subsection (d).
> (2)(i) If there is no attorney of record, service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party. . . .

Pa. R. Civ. P. 440(a). A Note following Rule 440(a)(1)(i) refers the reader to Rule 205.4(g) "[f]or electronic service by means other than facsimile transmission." *Id*.

> Pursuant to Rule 205.4 ("Electronic Filing and Service of Legal Papers"):
>
> (1) Copies of all legal papers other than original process filed in an action or served upon any party to an action may be served
>    (i) as provided by Rule 440 or
>    (ii) by electronic transmission, other than facsimile transmission, if the parties agree thereto or an electronic mail address is included on an appearance or prior legal paper filed with the court in the action. A paper served electronically is subject to the certifications set forth in subdivision (b)(3).
> (2) Service by electronic transmission is complete when a legal paper is sent
>    (i) to the recipient's electronic mail address, or
>    (ii) to an electronic filing system website and an e-mail message is sent to the recipient by the electronic filing system that the legal paper has been filed and is available for review on the system's website.

Pa. R. Civ. P. 205.4(g).

Plaintiff argues that the email of August 6, 2021, sent to Attorney Foland, constituted proper service of the Complaint "in compliance with Pennsylvania's procedural rules" where Attorney Foland was counsel of record and the email was sent to the "electronic address noted on Defendant's counsel's entry of appearance." (Doc. 8, at 8). This Court agrees. Attorney Foland's contact information, as well as the contact information of two other attorneys at his law firm, was set forth on the Entry of Appearance, electronically filed on the

6

docket in the Court of Common Pleas on July 20, 2021. The contact information set forth included Defendant's counsel's address, telephone and fax numbers, and the respective email addresses of the three defense attorneys. (*See* Doc. 5-4, at 1). Pursuant to Rule 205.4(g)(ii), although it is clear that the parties did not enter into an agreement that service could be made through electronic transmission, by including the electronic mail addresses of the three attorneys for Defendant on the Entry of Appearance, which was filed with the court in this action, service via email was proper. Further, service of the Complaint was complete when it was sent to Attorney Foland's email address on August 6, 2021, *see* Pa. R. Civ. P. 205.4(g)(2).[3]

Travelers, through its counsel, seeks to profit from its counsel's failure to truthfully respond to Plaintiff's counsel and notify him that he was of record in this case. While the Supreme Court cautioned in *Murphy* that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service", 526 U.S. at 347-348, in the

---

[3] The Court recognizes that although Rule 205.4(g) allows a legal paper to be served if "an electronic mail address is included on an appearance or prior legal paper filed with the court in the action", the Note thereto provides that "[a]n electronic mail address set forth on letterhead is not a sufficient basis under this rule to permit electronic service of legal papers." *See also*, Pa. R. Civ. P. 205(g), Explanatory Comment - 1999 ("A note to the proposed rule is explicit in stating that such an electronic mail address on an attorney's letterhead is an insufficient basis for electronic service."). Upon review of the Entry of Appearance in this matter, the contact information of Attorneys Foland, Krupp, and Woodward, set forth on the first page of the Entry of Appearance immediately above the caption of the case, cannot be said to be contained within "letterhead."

7

present case, despite Plaintiff's counsel's use of the words "courtesy copy", the Pennsylvania Rules of Civil Procedure provide that his email, which included the Complaint as an attachment, constituted proper service of the Complaint.[4] Defendant's focus on the semantics of Plaintiff's counsel's email is unavailing. The Court acknowledges that Plaintiff's counsel's email seemingly displays a failure to check the docket in this case prior to emailing the Complaint on August 6, 2021, and offers a questionable assertion that counsel never received the Entry of Appearance of Defendant's counsel. Nonetheless, three attorneys, including Attorney Foland, did in fact enter their appearance in this case on July 20, 2021 on the state court docket and via service to Plaintiff's counsel by email or U.S. mail, so that when Mr. Foland received Plaintiff's counsel's email containing counsel's incorrect understanding of the procedural posture of this case at that time, Plaintiff's counsel's email and delivery of the Complaint to Mr. Foland effectuated service on Mr. Foland as counsel of record in this case. Further, Attorney Foland's two-word response to Plaintiff's counsel ("Thank you"), without acknowledging that he had, in fact, entered his appearance in this case and therefore could be served with the Complaint of behalf of Travelers is the kind of sharp practice that this Court will not accept and which will not support Defendant's argument that the Complaint was not served until August 11, 2021, the date on which Travelers received the Complaint at their corporate office in Connecticut.

---

[4] Rule 205.4(g)(1)(ii) further directs that "[a] paper served electronically is subject to the certifications set forth in [Rule 205.4(b)(3)]." Defendant has not argued, or presented any evidence, that Plaintiff's email and the attached Complaint do not contain the signatures, certifications, and, where applicable, verifications, mandated by subsection (b)(3).

Here, for the reasons set forth herein, Travelers has failed to establish that removal of this action from the Court of Common Pleas of Luzerne County was timely. Defendant having failed to meet its burden, and because the Court must strictly construe removal statutes, with all doubts to be resolved in favor of remand, this action will be remanded to the Court of Common Pleas of Luzerne County.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Remand (Doc. 5) will be granted. A separate Order follows.

_____
Robert D. Mariani
United States District Judge